HISSEY *v.* PETZ.

JUDGMENT—MORATORIUM RELIEF—ACCOUNTING—LIS PENDENS—PARTIES.

> Time and place for accounting by persons appointed by court to manage an apartment building during pendency of moratorium proceedings which had been instituted by purchaser under a land contract after vendor had obtained a judgment of restitution was in the moratorium proceeding and not by way of subsequent bill for accounting and *lis pendens* where all parties in subsequent suit were directly interested in moratorium suit, hence subsequent bill in suit interfering with vendor's rights under unrestrained summary proceeding was properly dismissed notwithstanding an accounting had neither been requested nor had in earlier proceeding (Act No. 122, Pub. Acts 1933, as amended).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 9, 1939. (Docket No. 56, Calendar No. 40,410.) Decided September 5, 1939. Rehearing denied November 9, 1939.

Bill by Annie R. Hissey against Eleanor Petz and Hal H. Smith, Jr., and William C. McRae, copartners doing business as Smith, McRae & Company, for an accounting, assessment of damages, an injunction and other relief. On motion by defendant Petz to dismiss bill and vacate *lis pendens*. Motion granted. Plaintiff appeals. Affirmed.

*Edward A. Fleming* and *Atkinson, Donnelly & Lyon,* for plaintiff.

*Jacob E. Fisher* and *Francis J. Moriarty,* for defendants.

WIEST, J.   Plaintiff held an apartment building under a land contract.   Defendant Petz held the vendor's title, subject to a mortgage.   Plaintiff was in default and on March 22, 1935, defendant Petz brought a summary proceeding before a circuit court commissioner and on April 11, 1935, obtained a judgment of restitution of the premises unless the sum of $925, then due, was paid within 90 days.   June 19, 1935, plaintiff filed a bill in the circuit court for moratorium relief under the provisions of Act No. 122, Pub. Acts 1933, as amended by Act No. 4, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 14988 *et seq.*), and on the 8th day of July, 1935, the court entered an order that plaintiff:

"deliver sole possession, management, control and operation of the premises described in the bill of complaint to Hal H. Smith, Jr., and William C. McRae, copartners doing business as Smith, McRae & Company.   *   *   *

"That the plaintiff shall grant and give to Smith, McRae & Company the right and privilege to use, in the operation and management of said premises, all furniture, rugs, lamps, linens and other furnishings owned by her and now located in said premises except those being regularly used by the plaintiff in the apartment in said premises now occupied by her.   That any furniture purchased during the continuance of this order is to be used in the operation of said premises until the interest in said premises of either Annie R. Hissey or Eleanor Petz, or their heirs and assigns, is terminated and on said termination title to said furniture shall vest in the one whose interest in said premises has not been terminated.

"That Hal H. Smith, Jr., and William C. McRae, copartners, doing business as Smith, McRae & Company, shall give bond in the amount of $1,000 to Annie R. Hissey and Eleanor Petz, jointly and sev-

erally, conditioned upon their faithful and proper compliance with the terms of this order.

"That the moneys and income received from the operation of said premises shall be applied by said Smith, McRae & Company in the following order:

"(a) To Annie R. Hissey $35 on the first of each and every month during the continuance of this order, commencing August 1, 1935.

"(b) For expenses incurred in the operation and management of said premises, including a reasonable sum which may be used in the purchase of new furniture and furnishings to be used in the operation of said premises.

"(c) To the payment of taxes due against said premises and in repayment of any moneys advanced for the purpose of paying and used in paying any taxes now assessed against said property.

"(d) To Eleanor Petz to be applied as payments upon the principal and interest due upon the land contract referred to in the plaintiff's bill of complaint.

"That during the continuance of this order the defendants, their agents, servants, counselors and attorneys, be and they hereby are restrained from taking any further proceedings in a certain cause pending before Hon. Henry G. Nicol, circuit court commissioner, file No. 392560, in which Eleanor Petz is plaintiff and Annie R. Hissey is defendant."

As stated in the opinion of the circuit judge:

"This moratorium extended until the expiration of the time fixed by the statute. An order was made terminating the moratorium, and that order dismissed the bill of complaint upon which the moratorium order was based. No request was made in that proceeding for any accounting for the moneys which had been received by the agent in charge of the property either as to the amount of the receipts or as to the application, if any."

The bill of complaint in that proceeding was dismissed without an accounting requested or had. This order was made on or about November 1, 1938, and lifted all restraint on the judgment of ouster in the summary proceeding.

November 18, 1938, plaintiff filed the bill herein, claiming that she believed the amount due the vendor had been realized by the court appointees and, if not, then damages to household effects amounted to enough to make such payment and, if not, then she stood willing to pay up. Defendant Petz moved to dismiss the bill, and the court so ordered because plaintiff had full opportunity during the moratorium to have an accounting and all the relief now sought could have been secured under that bill and in the winding up of the moratorium proceeding.

Plaintiff appeals, claiming that the allegations in the bill must be taken as true and the court was in error in holding that the present suit was barred.

The time and place for accounting by the managing appointees was in the moratorium proceeding and plaintiff herein could not reserve such an accounting for a suit in equity like the one at bar. All parties herein were directly interested, at the ending of the moratorium, in final action relative thereto, and if plaintiff herein desired an accounting then and there was the place and time for having it. Plaintiff could not thereafter make an accounting an equitable cause and, by bill and *lis pendens,* further interfere with defendant Petz's rights under the unrestrained summary proceeding. The allegations in plaintiff's bill affirmatively establish a bar and the court was not in error in dismissing the same.

The decree in the circuit court is affirmed, with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.