PALAZZINI *v.* VANASCO.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ABANDONMENT OF CLAIM OF HOMESTEAD.

   Question of homestead rights of mortgagors, having been expressly abandoned by counsel for defendants in his brief, is not discussed.

2. MORTGAGES—MORATORIUM—ACCOUNTING.

   Mortgagors who desire to redeem and to that end have an accounting must request it during the pendency of the moratorium granted.

3. APPEAL AND ERROR—MORTGAGES—MORATORIUM—ACCOUNTING.

   Mortgagors who failed to ask for accounting during moratorium granted may not raise the point for the first time on appeal.

4. SAME—RECORD—MORTGAGES—ACCOUNTING.

   Remedy of mortgagors who requested an accounting but record on appeal fails to show such request was made or passed upon by trial court would be a timely application to the court for reconsideration.

Appeal from Wayne; Nicol (Henry G.), J. Submitted January 9, 1940. (Docket No. 132, Calendar No. 40,574.) Decided March 15, 1940.

Bill by Mario Palazzini against Giacinto Vanasco and wife to foreclose a mortgage. From order dismissing petition for moratorium relief and terminating moratorium, defendants appeal. Affirmed.

*Donald F. Pascoe,* for plaintiff.

*Joseph A. Cassese,* for defendants.

WIEST, J.   In this suit plaintiff, in 1933, foreclosed a mortgage on defendant's property and purchased at the sale in July, 1933.   In December, 1933, defendants petitioned for moratorium relief which was granted and, by subsequent orders, continued until November 14, 1938, when the court, on plaintiff's motion and a finding of no homestead rights, terminated the moratorium.   Defendants filed an appeal, claiming the premises constituted their homestead and, therefore, they were equitably entitled to moratorium relief until July 1, 1939; also "because the entering of an order denying said moratorium relief, without first requiring an accounting of the rental value theretofore paid to and collected by plaintiff and appellee and of the disbursements made therefrom, pursuant to court orders directing the allocation of said rentals, and fixing and determining the amount then due and for which redemption could be made, constituted an abuse of discretion upon the part of said circuit judge."

Counsel for defendants in his brief expressly abandons the question of homestead rights.

The record does not show that an accounting was at any time requested or even called to the attention of the circuit judge.

In *Hissey* v. *Petz*, 289 Mich. 668, we held that an accounting, if desired, is at the end of the moratorium.

If defendants desired to redeem, and to that end have an accounting, they should have asked for it and, under the record, not having asked for it, cannot raise the point for the first time on appeal.   If an accounting was desired and, in fact, notwithstanding the record, requested and not passed upon by the court, the proper step would have been a timely application to the court for reconsideration.

The mortgage was a junior one and we are not informed of the amount of the incumbrances or the value of the property.

Under the record, the order terminating the moratorium is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.